UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAUL ANTHONY BROWN,

    Petitioner,

v.                                                     CASE NO. 6:12-cv-111-Orl-28GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

This case is before the Court pursuant to a petition for writ of habeas corpus filed by a death-sentenced prisoner in state custody and the following matters. Upon consideration, Respondents shall file a specific response to Petitioner's petition for writ of habeas corpus (Doc. No. 8) within **150 DAYS** from the date of this Order.[1] **The Response shall include a table of contents and a table of citations** and shall also do the following:

    (a)     **State whether either the United States District Court Judge or the United States Magistrate Judge assigned to this case was involved in any of Petitioner's state court proceedings. Respondents have an ongoing duty to inform the Court of such involvement if the case is hereafter reassigned to another judicial officer.**

    (b)     Summarize the results of any direct appellate and/or post-conviction relief sought by petitioner to include citation references and copies of all published opinions. Provide copies of appellant and appellee briefs from every appellate and/or post conviction proceeding.

---

[1] Petitioner also filed an accompanying memorandum of law (Doc. No. 12).

(c)     State whether an evidentiary hearing was accorded Petitioner in the pre-trial, trial and/or post-conviction stage and whether transcripts are available from those proceedings.

(d)     Procure transcripts and/or narrative summaries in accordance with Rule 5 of the *Rules Governing Section 2254 Cases in the United States District Courts* and file them concurrently with the initial pleading, but in no case later than thirty (30) days after the filing of the initial pleading.

(e)     State whether Petitioner has exhausted available state remedies under the statutes or procedural rules of the state. If Petitioner has not exhausted available state court remedies, provide an analysis of those remedies or indicate whether Respondent waives the exhaustion requirement. *Thompson v. Wainwright*, 714 F.2d 1495 (11th Cir. 1983).

(f)     Provide a detailed explanation of whether the petition was or was not filed within the one-year limitation period as set forth in 28 U.S.C. § 2244 (d).

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 4th day of March, 2013.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 3/4
Counsel of Record

Office of the Attorney General
444 Seabreeze Boulevard
Suite 500
Daytona Beach, Florida 32118